UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                         )

DANIEL AZARI, PAUL T. JONES D/B/A
STAR INSTRUMENTS and RC OPTICAL
SYSTEMS INC.,

                Plaintiffs,

        -against-

B&HPHOTO-VIDEO.COM CORP., ADORAMA, INC.
MEADE INSTRUMENTS CORP.,
20/20 TELESCOPES & BINOCULARS, LLC,
ANACORTES TELESCOPE AND WILD BIRD,
INCORPORATED, ASTRONOMICS /
CHRISTOPHERS, LTD, DURANGO SKIES, LLC,
OPT CORP., SKIES UNLIMITED, LLC,
THRALOW INC., HANDS ON OPTICS, INC.,
WOLFE'S CAMERA SHOPS, INC.,
MICHAEL HARLESS, OPTICSPLANET, INC.,
SCOPE CITY, INC., JOHN DOE NOS. 1-50 and
and JANE DOE NOS. 1-50,

                Defendants.
-------------------------------------------------------------------x

Index No.

COMPLAINT

Plaintiffs
Demand
Trial By Jury

06 CIV. 7825

JUDGE COTE

RECEIVED

SEP 2 8 2006

USDC-WP-SDNY

Plaintiffs DANIEL AZARI, PAUL T. JONES d/b/a STAR

INSTRUMENTS and RC OPTICAL SYSTEMS INC. (collectively,

"Plaintiffs") for their Complaint allege:

THE PARTIES AND JURISDICTION

    1.    Plaintiff DANIEL AZARI ("Azari"), an individual, is a citizen of

the State of Florida.

2.      Plaintiff PAUL T. JONES ("Jones"), an individual, is a citizen of the State of Georgia.  Jones is the proprietor of Star Instruments ("Star Instruments").

3.      Plaintiff RC OPTICAL SYSTEMS INC. ("RC Optical") is incorporated in the State of Arizona, where it maintains its principal place of business.

4.      On information and belief, defendant B&HPHOTO-VIDEO.COM CORP. (B&H Photo") is incorporated in the State of New York, and maintains its principal place of business in the State of New York, County of New York.

5.      On information and belief, defendant ADORAMA INC. ("Adorama") is incorporated in the State of New York, and maintains its principal place of business in the State of New York, County of New York.

6.      On information and belief, defendant MEADE INSTRUMENTS CORP. ("Meade") is incorporated in Delaware and maintains its principal place of business in California.

7.      On information and belief, defendant 20/20 TELESCOPES & BINOCULARS, LLC ("20/20 Telescopes") is a limited liability company whose members are citizens of Illinois or Indiana or of both of those states.

8. On information and belief, defendant ANACORTES TELESCOPE AND WILD BIRD, INCORPORATED ('Anacortes') is incorporated in the State of Washington, where it maintains its principal place of business.

9. On information and belief, defendant ASTRONOMICS / CHRISTOPHERS, LTD. ('ACL') is incorporated in Oklahoma, where it maintains its principal place of business.

10. On information and belief, defendant DURANGO SKIES, LLC ('Durango Skies') is a limited liability company whose members are citizens of Colorado.

11. On information and belief, defendant OPT CORP., ('OPT') is incorporated in the Delaware and maintains its principal place of business in the State of California.

12. On information and belief, defendant SKIES UNLIMITED, LLC ('Skies Unlimited') is a limited liability company whose members are citizens of Pennsylvania.

13. On information and belief, defendant THRALOW INC. is incorporated in Minnesota, where it maintains its principal place of business. On information and belief, defendant THRALOW INC. owns and operates 'Telescopes.com' ('Telescopes.com'), located in Minnesota.

14.    On information and belief, defendant WOLFE'S CAMERA

SHOPS, INC. ("Wolfe's), is incorporated in Kansas, where it maintains its

principal place of business.

15.    On information and belief, defendant HANDS ON OPTICS, INC.

("HOO") is incorporated in Maryland, where it maintains its principal place of

business.

16.    On information and belief, defendant MICHAEL HARLESS, an

individual, is a citizen of California.  On information and belief, defendant

Michael Harless is the proprietor of Nature's Odyssey ("Nature's Odyssey"),

located in California.

17.    On information and belief, defendant OPTICSPLANET, INC.

("OPTICSPLANET") is incorporated in Illinois, where it maintains its principal

place of business.

18.    On information and belief, defendant SCOPE CITY, INC.

("SCOPE CITY") is incorporated in California, where it maintains its principal

place of business.

19.    JOHN DOE nos. 1-50 and JANE DOE nos. 1-50 are fictitious

names for employees of Meade whose identities presently are unknown to

Plaintiffs, but who are further identified below and are expected to be

identified by name after discovery.  On information and belief, JOHN DOE

nos. 1-10 and JANE DOE nos. 1-10 are citizens of California.

20.     As is set forth in detail below, the amount in controversy exceeds

the sum of $75,000.00, exclusive of costs and interests.

21.     As is set forth in detail below, Plaintiffs seek relief pursuant to

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §

1964.

22.     Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1332.

<u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

23.     Star Instruments is a manufacturer of professional quality optics.

24.     RC Optical Systems designs and manufactures quality telescopes

and imaging instruments for government, military, institutional, and

professional and amateur Astronomers.

25.     Star Instruments and RC Optical Systems concentrate their

businesses on a particular form of two-mirrored Cassegrain telescope known

as "Ritchey-Chretien," named after the two scientists who invented the design

early in the 20th century.  Star Instruments is the leading manufacturer of

Ritchey-Chretien optical systems.  RC Optical is the leading manufacturer of

telescopes incorporating Ritchey-Chretien optics.  Star Instruments

manufactures Richey-Chretien optical systems incorporated in Richey-Chretien telescopes manufactured by RC Optical Systems.

## THE RITCHEY-CHRETIEN FORM
## OF THE CASSEGRAIN TELESCOPE

26.     There are three basic types of telescopes: refractors, reflectors and catadioptric sensors.

27.     A refractor telescope is a type of optical telescope that refracts or bends light at each end using lenses.  Refracting telescopes have three main parts to them: the tube (which is usually made out of metal, plastic or wood) and two convex glass lenses.  When light travels through the objective lens, the light refracts, converges and creates a real image in the middle of the tube, close to the eyepiece lens. The eyepiece lens at the bottom then magnifies the real image of the object making the image seem larger.  This can enable a user to view the image of a distant object like a star as if it were brighter, clearer and larger.

28.     A reflecting telescope is an optical telescope which uses a combination of curved and flat mirrors to reflect light and form an image, rather than lenses to refract or bend light to form an image.  A curved primary mirror is the reflector telescope's basic optical element and creates an image at the focal plane.  Film or a digital sensor may record the image, or an eyepiece may be used for visual observation.

29.     Catadioptrics are a combination of a refractor and reflector telescope, using both mirrors and lens to focus the incoming light.

30.     Historically, the refractor was initially the more popular tool for manufacturing reasons.  Early manufacturing shops were unable to produce mirrors of sufficient quality for use as reflecting telescopes, and were unable to design a reflecting telescope where the head of the person viewing the image did not block the reflected light (the "front-view obstruction problem").

31.     A weakness of refractors is chromatic aberration.  Chromatic aberration is caused by a lens having a different refractive index for different wavelengths of light.  Differing wavelengths of light are dispersed as they pass through a lens, as in a rainbow.  In optics, this results in purple fringing and a blurred image.

32.     British scientist Sir Isaac Newton implemented the first reflector circa 1670. He designed the reflector in order to solve the problem of chromatic aberration.  Reflector mirrors eliminate chromatic aberration because, unlike a lens used in refractors, light does not pass through a mirror; it reflects and the wavelengths of light are not dispersed as they reflect. Newton also solved the front-view obstruction problem by positioning the mirrors at angles.

33.     The Cassegrain reflector is a combination of two mirrors used in some telescopes, which are then known as Cassegrain telescopes.  First developed in 1672 by Laurent Cassegrain, this reflector is a combination of a primary concave mirror and a secondary convex mirror, both aligned symmetrically about the optical axis, each parabolic in form.

34.     Ordinary Cassegrain reflector mirrors eliminate chromatic aberration but still produce spherical aberration and coma.  Spherical aberration is an image imperfection that occurs due to the increased refraction of light rays that occurs when rays strike a lens or mirror near its edge, in comparison with those that strike nearer the center.  Coma is an optical aberration in an astronomical telescope which causes a V-shaped flare to the image of a star.

35.     Coma is an inherent property of telescopes using parabolic mirrors. Light from a point source (such as a star) in the center of the field is perfectly focused at the focal point of the mirror.  When the light source is off-center (off-axis), however, the different parts of the mirror do not reflect the light to the same point. This results in a point of light that is not in the center of the field looking wedge-shaped. This effect worsens as the light moves further off-axis. This causes stars to appear to have a cometary coma, hence the name "coma" for the effect.

36.     Spherical aberration is an image imperfection that occurs due to the increased refraction of light rays that occurs when rays strike a lens or mirror near its edge, in comparison with those that strike nearer the center. For small telescopes using spherical mirrors with shorter focal ratios, light from a distant point source (such as a star) is not all focused at the same point. Particularly, light striking the inner part of the mirror focuses further from the mirror than light striking the outer part. As a result the image cannot be focused as sharply as if the aberration were not present.

37.     The Ritchey-Chretien form of the Cassegrain telescope is an important modification of the classical Cassegrain two mirror telescope.  It was invented by George Willis Ritchey and Henri Chrétien in the early 20th century; the first Ritchey-Chretien was made for the U.S. Naval Observatory in the 1930s.  The Ritchey-Chretien design is a specialized Cassegrain reflector which has two hyperbolic mirrors (instead of a parabolic primary). The curvature of the two mirrors in the Ritchey-Chrétien design are described by the following relationships:

$$C_1 = \frac{(B - F)}{2DF}$$

$$C_2 = \frac{(B + D - F)}{2DB}$$

where:

- $C_1$ and $C_2$ are the Schwarzschild deformation coefficients for the primary and secondary mirrors, respectively,

- F is the effective focal length of the entire system,

- B is the back focal length, or the distance from the secondary to the focus, and

- D is the distance between the two mirrors.

38.    The design of the Ritchey-Chretien corrects for coma and spherical aberration.  The Ritchey-Chretien design is free of coma and spherical aberration at a flat focal plane, making it well suited for wide field and photographic observations.  Because it is a reflector telescope, it does not suffer from chromatic aberration, unlike catadioptric or refractor telescopes.

39.    The Ritchey-Chretien form of the Cassegrain telescope is the optimal design available with today's optical technology.  It is the design used for advanced astronomy, such as the Hubble Space Telescope.

DEFENDANTS FALSELY MARKET MEADE'S
<u>DESIGN AS A RITCHEY-CHRETIEN-DESIGN</u>

40.    Meade is a manufacturer of consumer telescopes for amateur astronomy enthusiasts.  Commencing in 2005, Meade began to falsely its RCX 400 series telescopes as Ritchey-Chretien telescopes.   Commencing in March, 2006, Meade began to falsely advertise its LX200R series telescopes also as

Ritchey-Chretien optics.  Meade advertised: "Now you can own what the professionals own."

41.     The Meade telescopes do not have Ritchey-Chretien optics.  The RCX400 and LX200R optical design consists of a slightly hyperbolic to ellipsoidal secondary mirror and a spherical primary mirror with a corrector lens, instead of two strongly hyperbolic mirrors having the defining Ritchey-Chretien curvature.  The RCX400 and the LX200R are catadioptric telescopes (combination mirror and lens); the Ritchey-Chretien design is a pure reflector.

42.     On information and belief, each of B&HPhoto, Adorama,  S&H, 20/20 telescopes, Anacortes, ACL, Durango Skies, OPT, Skies Unlimited, Telescopes.com, Wolfe's, HOO, Nature's Odyssey, Optics Planet (collectively, the "Meade Dealers") are authorized dealers of Meade's products, to whom Meade refers the public generally, and amateur astronomy enthusiasts in particular, when they seek to purchase Meade-manufactured telescopes .

43.     On information and belief, each of the Meade Dealers holds itself out to the public generally, and to amateur astronomy enthusiasts in particular, as possessing expertise in the technical specifications of the telescopes, on which expertise they encourage amateur astronomy enthusiasts to rely.  Each of them knows or should know that the Meade RCX400 series and LX200R series telescopes are not Ritchey-Chretien design.

44.     Although some dealers of telescopes honestly have refused to describe the Meade RCX400 series and LX200R series telescopes as true Ritchey-Chretien telescopes, each of the Meade Dealers have participated in and profited by Meade's fraudulent deception.  Each of them: (i) advertises the Meade RCX400 series and the LX200R series as "Ritchey-Chretien" telescopes, (ii) responds to inquiries by potential customers by representing that the Meade RCX400 series and the LX200R series are "Ritchey-Chretien" telescopes, and (iii) has responded to inquiries from consumers seeking to purchase Ritchey-Chretien telescopes and apparently relying on the dealers' expertise by suggesting Meade's telescopes and advising that the Meade RCX400 series and the LX200R series are "Ritchey-Chretien" telescopes.

STAR AND RC OPTICAL LOSE SPECIFIC
SALES TO DEFENDANTS' SCHEME

45.     The market for Ritchey-Chretien telescopes is a niche market, to which Star and RC Optical are the main sources of supply.  Defendants' scheme threatens to destroy that niche market and the businesses of Star and RC Optical.

46.     Star Instruments and RC Optical have suffered substantial direct injury from Defendants' scheme, threatening the very existences of their businesses.  Because Meade does not utilize true Ritchey-Chretien optics, Defendants can offer to sell the RCX400 and the LXR200R at prices which

are only a fraction of the manufacturing cost of true Ritchey-Chretien

telescopes.  On information and belief, each of Star Instruments and RC

Optical has lost specific sales to potential customers who would have

purchased Ritchey-Chretien telescopes from them but were convinced by

Defendants' misrepresentations that the substantially cheaper Meade telescopes

were true Ritchey-Chretien telescopes and therefore bought the Meade

telescopes instead of telescopes manufactured by RC Optical or incorporating

true Ritchey-Chretien optics designed by Star Instruments.

47.    On information and belief, potential customers who contacted RC

Optical seeking to purchase Ritchey-Chretien telescopes bought the cheaper

Meade telescopes instead of telescopes manufactured by RC Optical under the

false belief that the Meade telescopes incorporated Ritchey-Chretien optics.

48.    On information and belief, potential customers who contacted RC

Optical or another manufacturer incorporating Ritchey-Chretien optics

manufactured by Star Instruments bought the cheaper Meade telescopes

instead of telescopes incorporating Ritchey-Chretien optics manufactured by

Star Instruments  under the false belief that the Meade telescopes incorporated

Ritchey-Chretien optics.

49.    Star Instruments and RC Optical also have suffered severe

damage to their reputations as a consequence of Defendants' scheme.  Potential

customers may believe that Star Instruments and RC Optical, the industry leaders in this niche market, are price-gouging, although the truth is that it is practically impossible to manufacture and sell true Ritchey-Chretien telescopes with true Ritchey-Chretien optics except at prices exponentially greater than Meade's falsely described, but cheaper, telescope.

50.    As of the date hereof, Star Instrument's losses from Defendants' scheme exceed $400,000.00 and continue to accrue.

51.    As of the date hereof, RC Optical's losses from the Defendants' scheme exceed $400,000.00 and continue to accrue.

### AZARI'S PURCHASE OF A MEADE LX200R TELESCOPE

52.    Azari sought to purchase a Ritchey-Chretien telescope.  He contacted B&H photo on or about September 1, 2006, and requested a Ritchey-Chretien telescope.  B&H recommended the Meade RCX400 or LX200R, and assured him that each was a Ritchey-Chretien.

53.    Azari purchased a new Meade LX200R telescope from B&H Photo on or about September 6, 2006.  He paid $2,873.00 for the telescope, and an additional $94.90 for shipping, for a total of $2,967.90.  B&H delivered the telescope to Azari in Florida.

54.    The telescope delivered to Azari is not a Ritchey-Chretien telescope.  It is a catadioptric telescopes (combination mirror and lens); the

Ritchey-Chretien is a pure reflector.  The Meade telescope has a corrector lens with an ellipsoidal (not hyperbolic) parabolic secondary mirror.  The defining Ritchey-Chretien curvature of the mirrors also is absent.  The ellipsoidal secondary mirror measures less than a parabola; it is not hyperbolic as in a Ritchey-Chretien.

FIRST CAUSE OF ACTION
(Conduct of an Association-In-Fact Racketeering Enterprise)
(18 U.S.C. § 1962(c))

55.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 54 as if set forth fully herein.

56.     Commencing in 2005, Meade and the Meade Dealers have engaged in a scheme or artifice to defraud or obtain money by means of false or fraudulent pretenses or representation, by which they falsely represent to the public generally and to amateur astronomy enthusiasts in particular that the Meade RCX400 series and Meade LX200R series telescopes are Ritchey-Chretien telescopes incorporating Ritchey-Chretien optics.  Meade and the Meade Dealers falsely claim that the inexpensive Meade RCX400 series and Meade LX200R series telescopes contain the same type of Richey-Chretien optical system as the Hubble Space Telescope, an alluring prospect for amateur astronomy enthusiasts.

57.    Having devised the aforesaid scheme or artifice to defraud or obtain money by means of false or fraudulent pretenses or representations, Meade and the Meade Dealers on more than two occasions transmitted or causes to be transmitted by means of wire in interstate commerce writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice:

(a)    On or about September 1, 2006, when Azari sought to purchase a Ritchey-Chretien telescope, for the purpose of executing the aforementioned scheme or artifice to defraud, Meade transmitted by wire on its interactive website, located at www.meade.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien." Meade transmitted by wire from its interactive website: "[t]he most widely used research telescope on earth now comes with the most advanced optical system in space. Meade's all new LX200R brings Advanced Ritchey-Chrétien optics within reach of aspiring astronomers everywhere. Nearly every observatory reflector in the world is a Ritchey-Chrétien, including NASA's Hubble Space Telescope. Now you can own what the professionals own."

(b)    On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Meade sent an electronic mail

message by wire to mildred_n_dunn@yahoo.com, in response to an inquiry for a Ritchey-Chretien telescope.

(c)    On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Meade transmitted by wire on its interactive website, located at www.meade.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as 'Ritchey-Chretien.'

(d)    On or about September 6, 2006, when Azari sought to purchase a Ritchey-Chretien telescope, for the purpose of executing the aforementioned scheme or artifice to defraud, Durango Skies sent an electronic mail message by wire to Azari falsely describing the Meade RCX400 series and the LX200R as 'Ritchey-Chretien.'

(e)    On or about September 1, 2006, when Azari sought to purchase a Ritchey-Chretien telescope, for the purpose of executing the aforementioned scheme or artifice to defraud, B&H transmitted by wire on its website, located at www.bhphotovideo.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as 'Ritchey-Chretien.' B&H transmitted from its website: "Meade's all new LX200R brings advanced Ritchey-Chretien optics within reach of aspiring astronomers everywhere. Nearly every observatory reflector in the world is a Ritchey-Chretien,

including NASA's Hubble Space Telescope and the Mayall telescope at Kitt Peak National Observatory."

(f)    On or about September 5, 2006, a B&H sales representative advised Azari by telephone that the Meade LX200R was a Ritchey-Chretien telescope.  On the same day, Azari exchanged several e-mail messages with B&H confirming that the Meade LX200R was a Ritchey-Chretien.  Azari also utilized the interactive feature of B&H's website, which transmitted further representations that the Meade LX200R was a Ritchey-Chretien.

(g)    On or about September 5, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, B&H sent an electronic mail message by wire to Azari confirming his order of a Meade LX200R telescope, described as an "Advanced RC."

(h)    On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, B&H sent an electronic mail message by wire to Azari notifying him that it had shipped a Meade LX200R telescope to him pursuant to his order.  The e-mail described the telescope as "Advanced RC."

(i)    On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Astronomics sent an electronic mail message by wire to mildred_n_dunn@yahoo.com containing writings

which recommended the Meade RCX400 series and the LX200R as Ritchey-

Chretien telescopes.

(j)      On or about September 27, 2006, for the purpose of executing the

aforementioned scheme or artifice to defraud, Astronomics transmitted by

wire on its interactive website, located at www.astronomics.com, writings,

signs, signals and pictures falsely describing the Meade RCX400 series and

the LX200R as "Ritchey-Chretien." Astronomics transmitted by wire from its

website: "[t]his Meade 16" RCX16MT puts big aperture UHTC-multicoated

Advanced Ritchey-Chrétien optics (similar to those of the Hubble Space

Telescope) on a massive MAX German equatorial mount and tripod . . .  And

the price is very attractive price when compared with the $30,000+ price tag of

other commercially-available Ritchey-Chrétien scopes . . . ."

(k)      On or about September 11, 2006, for the purpose of executing the

aforementioned scheme or artifice to defraud, Optics Planet sent an electronic

mail message by wire to nebulousity@hotmail.com containing writings falsely

describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(l)      On or about September 27, 2006, for the purpose of executing the

aforementioned scheme or artifice to defraud, Optics Planet transmitted by

wire on its interactive website, located at www.opticsplanet.net, writings,

signs, signals and pictures falsely describing the Meade RCX400 series and

the LX200R as "Ritchey-Chretien." Claiming that the Meade LX200R "offer[s]

Ritchey-Chretien Optics," Optics Planet boasted by its website that "Meade

LX200R Telescopes - Advanced Ritchey Chretien Astronomical Telescopes

are a Hubble for your Backyard!"

    (m)    On or about September 6, 2006, for the purpose of executing the

aforementioned scheme or artifice to defraud, Adorama sent an electronic mail

message by wire to dbackerdame@yahoo.com containing writings which

recommended the Meade RCX400 series and the LX200R as Ritchey-Chretien

telescopes.

    (n)    On or about September 27, 2006, for the purpose of executing the

aforementioned scheme or artifice to defraud, Adorama transmitted by wire on

its interactive website, located at www.adorama.com, writings, signs, signals

and pictures falsely describing the Meade RCX400 series and the LX200R as

"Ritchey-Chretien." Adorama transmitted by wire from its website: "The most

widely used research telescope on earth now comes with the most advanced

optical system in space. Meade's all new LX200R brings Advanced Ritchey-

Chrétien optics within reach of aspiring astronomers everywhere. Nearly every

observatory reflector in the world is a Ritchey-Chrétien, including NASA's

Hubble Space Telescope. Now you can own what the professionals own."

(o)     On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Anacortes sent an electronic mail message by wire to mildred_n_dunn@yahoo.com containing writings falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(p)     On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Anacortes transmitted by wire on its interactive website, located at www.buytelescopes.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien." Anacortes transmitted by wire on its interactive website: "The dream of owning the ultimate Advanced Ritchey-Chrétien telescope is finally here."

(q)     On or about September 21, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, OPT sent an electronic mail message by wire to mildred_n_dunn@yahoo.com containing writings falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(r)     On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, OPT transmitted by wire on its interactive website, located at www.optcorp.com, writings, signs, signals and

pictures falsely describing the Meade RCX400 series and the LX200R as 'Ritchey-Chretien.'

(s)     On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Telescopes.com sent two distinct electronic mail message by wire to mildred_n_dunn@yahoo.com containing writings falsely describing the Meade RCX400 series and the LX200R as "true Ritchey-Chretien." One e-mail extolled the virtues of a true Ritchey-Chretien compared to all other telescopes; the language of this e-mail appears identical to language appearing on RC Optical's own website describing true Ritchey-Chretien telescopes and appears to have been cut and pasted from it.  The other e-mail recommended the Meade series as "some of the best" Ritchey-Chretien telescopes.

(t)     On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Telescopes.com transmitted by wire on its interactive website, located at www.telescopes.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien." Telescopes.com website added: "In fact, almost every professional reflector telescope in the world's observatories is a Ritchey-Chretien, even the Hubble Space Telescope."

(u)    On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, 20/20 sent an electronic mail message by wire to mildred_n_dunn@yahoo.com containing writings falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(v)    On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, 20/20 transmitted by wire on its interactive website, located at www.2020telescopes.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(w)    On or about September 21, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Scope City sent an electronic mail message by wire to mildred_n_dunn@yahoo.com containing writings falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(x)    On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Scope City transmitted by wire on its interactive website, located at www.scopecity.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(y)    On or about September 11, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, HOO sent an electronic mail message by wire to dbackerdame@yahoo.com containing writings which recommended the Meade RCX400 series and the LX200R as Ritchey-Chretien telescopes.

(z)    On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, HOO transmitted by wire on its interactive website, located at www.handsonoptics.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(aa)   On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Durango Skies sent an electronic mail message by wire to dbackerdame@yahoo.com containing writings falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(bb)   On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Durango Skies transmitted by wire on its interactive website, located at www.durangoskies.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as "Ritchey-Chretien."

(cc)   On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Skies Unlimited sent an electronic mail message by wire to dbackerdame@yahoo.com containing writings falsely describing the Meade RCX400 series and the LX200R as 'Ritchey-Chretien.'

(dd)   On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Skies Unlimited transmitted by wire on its interactive website, located at www.skiesunlimited.net, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as 'Ritchey-Chretien.' Skies Unlimited transmitted by wire from its website: 'The most widely used research telescope on earth now comes with the most advanced optical system in space. Meade's all new LX200R brings Advanced Ritchey-Chrétien optics within reach of aspiring astronomers everywhere. Nearly every observatory reflector in the world is a Ritchey-Chrétien, including NASA's Hubble Space Telescope. Now you can own what the professionals own.'

(ee)   On or about September 6, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Wolfe's sent an electronic mail message by wire to midnightmadness@netzero.net containing writings which

recommended the Meade RCX400 series and the LX200R as Ritchey-Chretien telescopes.

(ff)     On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Wolfe's transmitted by wire on its interactive website, located at www.wolfes.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as 'Ritchey-Chretien.'

(gg)    On or about September 27, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Nature's Odyssey transmitted by wire on its interactive website, located at www.naturesodyssey.com, writings, signs, signals and pictures falsely describing the Meade RCX400 series and the LX200R as 'Ritchey-Chretien.'

(hh)    On or about September 12, 2006, for the purpose of executing the aforementioned scheme or artifice to defraud, Nature's Odyssey sent an electronic mail message by wire to nebulousity@hotmail.com containing writings which recommended the Meade RCX400 series and the LX200R as Ritchey-Chretien telescopes.

58.     The conduct described in paragraphs 56 and each subparagraph of paragraph 57 constitutes wire fraud pursuant to 18 U.S.C. § 1343.

59.     On information and belief, having devised the aforementioned artifice to defraud, to obtain money by means of false or fraudulent pretenses, representations, or promises, or by supplying counterfeit Ritchey-Chretien telescopes, for the purpose of executing such scheme or artifice or attempting so to do, each Defendant on more than one occasion placed in a post office or authorized depository for mail matter, advertisements, catalogues and other printed matter, including invoices, packing slips and telescopes, to be sent or delivered by the Postal Service or caused to be delivered by private or commercial interstate carrier.

60.     In furtherance of the aforesaid scheme, B&H and Meade caused to be delivered to Azari by private or commercial interstate carrier a telescope falsely represented by Defendants to have Ritchey-Chretien optics.

61.     The conduct described in paragraphs 59 and 60 constitute mail fraud pursuant to 18 U.S.C. § 1341.

62.     The conduct described in paragraphs 56 through 61 constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961.

63.     Meade and the Meade Dealers are an association-in-fact working to the common goal of selling Meade-manufactured telescopes.  Meade and the Meade Dealers are an "enterprise" pursuant to 18 U.S.C. § 1962(c) (the "Meade Dealer Enterprise").

64.     The Meade Dealer Enterprise is engaged in, or its activities affect, interstate commerce.

65.     Meade and each of the Meade Dealers are associated with the Meade Dealer Enterprise.

66.     Meade and each of the Meade Dealers conduct or participate, directly or indirectly, in the conduct of the Meade Dealer Enterprise through a pattern of racketeering activity, as described above.

67.     Meade and each of the Meade Dealers have violated and continue to violate 18 U.S.C. § 1962(c) by participating, directly or indirectly, in the conduct of the Meade Dealer Enterprise through a pattern of racketeering activity.

68.     By reason of Defendants' violation of 18 U.S.C. § 1962(c), Azari has been injured in the sum of $2,967.90 by paying for a telescope represented to be a Ritchey-Chretien and receiving instead a catadioptric telescope.

69.     Pursuant to 18 U.S.C. §1964(c), Azari may recover threefold damages, for a recovery of $8,903.70, plus costs and attorneys' fees.

70.     By reason of Defendants' violation of 18 U.S.C. § 1962(c), RC Optical has been injured in its business.  On information and belief, potential customers who contacted RC Optical seeking to purchase Ritchey-Chretien telescopes bought the cheaper Meade telescopes instead of telescopes

manufactured by RC Optical under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.  Additionally, on information and belief, RC Optical has lost specific sales to other potential customers who would have purchased Ritchey-Chretien telescopes from RC Optical but were convinced by Defendants' misrepresentations that the substantially cheaper Meade telescopes were true Ritchey-Chretien telescopes and therefore bought the Meade telescopes instead of telescopes manufactured by RC Optical.

71.    By reason of Defendants' violation of 18 U.S.C. § 1962(c), Star Instruments has been injured in its business.  On information and belief, potential customers who contacted RC Optical or another manufacturer incorporating Ritchey-Chretien optics manufactured by Star Instruments bought the cheaper Meade telescopes instead of telescopes incorporating Ritchey-Chretien optics manufactured by Star Instruments under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.

72.    RC Optical and Star Instruments have suffered substantial direct injury from Defendants' violation of 18 U.S.C. § 1962(c), threatening the very existences of their businesses.  The market for Ritchey-Chretien telescopes is a niche market, to which Star and RC Optical are the main sources of supply. Defendants' scheme threatens to destroy that niche market and the businesses of Star and RC Optical.

73.     Star Instruments and RC Optical also have suffered severe damage to their reputations as a consequence of Defendants' scheme.  Potential customers may believe that Star Instruments and RC Optical, the industry leaders in this niche market, are price-gouging, although the truth is that it is practically impossible to manufacture and sell true Ritchey-Chretien telescopes with true Ritchey-Chretien optics except at prices exponentially greater than Meade's falsely described, but cheaper, telescope.

74.     As of the date hereof, Star Instrument's losses from Defendants' violations of 18 U.S.C. §1962(c) exceed $400,000.00 and continue to accrue.

75.     Pursuant to 18 U.S.C. §1964(c), Star Instruments may recover threefold damages, for a recovery of $1,200,000.00, or such other amount as is proved at trial, plus costs and attorneys' fees.

76.     As of the date hereof, RC Optical's losses from the Defendants' violations of 18 U.S.C. §1962(c) exceed $400,000.00 and continue to accrue.

77.     Pursuant to 18 U.S.C. §1964(c), RC Optical may recover threefold damages, for a recovery of $1,200,000.00, or such other amount as is proved at trial, plus costs and attorneys' fees.

78.     Defendants' violation of 18 U.S.C. § 1962(c) has harmed the public generally and telescope users in particular.  Telescope users, including government and military customers, may be aware that the Meade telescopes

do not have true Ritchey-Chretien optics and thus will be unaware of aberrations in the images they view.  Photographs viewed by the scientific community will not be scientifically accurate.  Government, military, scientists, amateur enthusiasts and the public interest all suffer from the scheme.

79.    Pursuant to 18 U.S.C. § 1964(a), an injunction may be entered to restrain Defendants from continuing their violations of 18 U.S.C. § 1962(c), including enjoining Defendants from representing that the Meade RCX400 series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

## SECOND CAUSE OF ACTION
### (Conduct of a Corporate Racketeering Enterprise)
### (18 U.S.C. § 1962(c))

80.    Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 62 as if set forth fully herein.

81.    Meade is an "enterprise" pursuant to 18 U.S.C. § 1962(c) (the "Meade Enterprise").

82.    The Meade Enterprise is engaged in, or its activities affect, interstate commerce.

83.    As a corporation, Meade acts only through its agents, employees and independent contractors.  In operating the Meade Enterprise, Meade acts

through its agents, including the Meade Dealers, and its employees, including John Doe nos. 1-50 and Jane Doe nos. 1-50.

84.     As is set forth above, Meade has engaged in a well-financed, well-orchestrated, well-publicized and well-planned scheme to falsely identify the RCX400 series and LX200R series telescopes as Ritchey-Chretien telescopes when in fact they are not, thus victimizing the scientific community and the public interest, along with the interests of the amateur astronomer community eager to own an instrument as sophisticated as the Hubble Space Telescope.  On information and belief, employees of Meade have planned and executed the scheme.  On information and belief, the pattern of racketeering in which Meade engaged was knowingly executed by John Does nos. 1-50 and Jane Does nos. 1-50, who are individual employees whose identities presently are unknown to Plaintiffs and will be identified after discovery.

85.     Each of the Meade Dealers is associated with the Meade Enterprise.

86.     John Doe Nos. 1-50, Jane Doe nos. 1-50 and each of the Meade Dealers conduct or participate, directly or indirectly, in the conduct of the Meade Enterprise through a pattern of racketeering activity.

87.     John Doe Nos. 1-50, Jane Doe nos. 1-50 and each of the Meade Dealers have violated and continue to violate 18 U.S.C. § 1962(c) by

conducting or participating, directly or indirectly, in the conduct of the Meade Enterprise through a pattern of racketeering activity.

88.    By reason of Defendants' violation of 18 U.S.C. § 1962(c), Azari has been injured in the sum of $2,967.90 by paying for a telescope represented to be a Ritchey-Chretien and receiving instead a catadioptric telescope.

89.    Pursuant to 18 U.S.C. §1964(c), Azari may recover threefold damages, for a recovery of $8,903.70, plus costs and attorneys' fees.

90.    By reason of Defendants' violation of 18 U.S.C. § 1962(c), RC Optical has been injured in its business.  On information and belief, potential customers who contacted RC Optical seeking to purchase Ritchey-Chretien telescopes bought the cheaper Meade telescopes instead of telescopes manufactured by RC Optical under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.  Additionally, on information and belief, RC Optical has lost specific sales to other potential customers who would have purchased Ritchey-Chretien telescopes from RC Optical but were convinced by Defendants' misrepresentations that the substantially cheaper Meade telescopes were true Ritchey-Chretien telescopes and therefore bought the Meade telescopes instead of telescopes manufactured by RC Optical.

91.    By reason of Defendants' violation of 18 U.S.C. § 1962(c), Star Instruments has been injured in its business.  On information and belief,

potential customers who contacted RC Optical or another manufacturer incorporating Ritchey-Chretien optics manufactured by Star Instruments bought the cheaper Meade telescopes instead of telescopes incorporating Ritchey-Chretien optics manufactured by Star Instruments under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.

92.    RC Optical and Star Instruments have suffered substantial direct injury from Defendants' violation of 18 U.S.C. § 1962(c), threatening the very existences of their businesses.  The market for Ritchey-Chretien telescopes is a niche market, to which Star and RC Optical are the main sources of supply. Defendants' scheme threatens to destroy that niche market and the businesses of Star and RC Optical.

93.    Star Instruments and RC Optical also have suffered severe damage to their reputations as a consequence of Defendants' scheme.  Potential customers may believe that Star Instruments and RC Optical, the industry leaders in this niche market, are price-gouging, although the truth is that it is practically impossible to manufacture and sell true Ritchey-Chretien telescopes with true Ritchey-Chretien optics except at prices exponentially greater than Meade's falsely described, but cheaper, telescope.

94.    As of the date hereof, Star Instrument's losses from Defendants' violations of 18 U.S.C. §1962(c) exceed $400,000.00 and continue to accrue.

95.     Pursuant to 18 U.S.C. §1964(c), Star Instruments may recover threefold damages, for a recovery of $1,200,000.00, or such other amount as is proved at trial, plus costs and attorneys' fees.

96.     As of the date hereof, RC Optical's losses from the Defendants' violations of 18 U.S.C. §1962(c) exceed $400,000.00 and continue to accrue.

97.     Pursuant to 18 U.S.C. §1964(c), RC Optical may recover threefold damages, for a recovery of $1,200,000.00, or such other amount as is proved at trial, plus costs and attorneys' fees.

98.     Defendants' violation of 18 U.S.C. § 1962(c) has harmed the public generally and telescope users in particular.  Telescope users, including government and military customers, may be aware that the Meade telescopes do not have true Ritchey-Chretien optics and thus will be unaware of aberrations in the images they view.  Photographs viewed by the scientific community will not be scientifically accurate.  Government, military, scientists, amateur enthusiasts and the public interest all suffer from the scheme.

99.     Pursuant to 18 U.S.C. § 1964(a), an injunction may be entered to restrain Defendants from continuing their violations of 18 U.S.C. § 1962(c), including enjoining Defendants from representing that the Meade RCX400

series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

THIRD CAUSE OF ACTION
(Conspiracy to Engage in Corporate Racketeering Enterprise)
(18 U.S.C. § 1962(d))

100.   Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 62 and 81 through 99 as if set forth fully herein.

101.   As is set forth above, Meade has engaged in a well-financed, well-orchestrated, well-publicized and well-planned scheme to falsely identify the RCX400 series and LX200R series telescopes as Ritchey-Chretien telescopes when in fact they are not, thus victimizing the scientific community and the public interest, along with the interests of the amateur astronomer community eager to own an instrument as sophisticated as the Hubble Space Telescope.  On information and belief, employees of Meade have planned and executed the scheme.  On information and belief, the pattern of racketeering in which Meade engaged was knowingly executed by John Does nos. 1-50 and Jane Does nos. 1-50, who are individual employees whose identities presently are unknown to Plaintiffs and will be identified after discovery.

102.   On information and belief, John Doe nos. 1-50 and Jane Doe nos. 1-50 conspired to violate 18 U.S.C. §1962(c).

103.   John Doe nos. 1-50 and Jane Doe nos. 1-50 violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. §1962(c).

104.   By reason of Defendants' violation of 18 U.S.C. § 1962(d), Azari has been injured in the sum of $2,967.90 by paying for a telescope represented to be a Ritchey-Chretien and receiving instead a catadioptric telescope.

105.   Pursuant to 18 U.S.C. §1964(c), Azari may recover threefold damages, for a recovery of $8,903.70, plus costs and attorneys' fees.

106.   By reason of Defendants' violation of 18 U.S.C. § 1962(d), RC Optical has been injured in its business.  On information and belief, potential customers who contacted RC Optical seeking to purchase Ritchey-Chretien telescopes bought the cheaper Meade telescopes instead of telescopes manufactured by RC Optical under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.  Additionally, on information and belief, RC Optical has lost specific sales to other potential customers who would have purchased Ritchey-Chretien telescopes from RC Optical but were convinced by Defendants' misrepresentations that the substantially cheaper Meade telescopes were true Ritchey-Chretien telescopes and therefore bought the Meade telescopes instead of telescopes manufactured by RC Optical.

107.   By reason of Defendants' violation of 18 U.S.C. § 1962(d), Star Instruments has been injured in its business.  On information and belief,

potential customers who contacted RC Optical or another manufacturer incorporating Ritchey-Chretien optics manufactured by Star Instruments bought the cheaper Meade telescopes instead of telescopes incorporating Ritchey-Chretien optics manufactured by Star Instruments under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.

108.   RC Optical and Star Instruments have suffered substantial direct injury from Defendants' violation of 18 U.S.C. § 1962(d), threatening the very existences of their businesses.  The market for Ritchey-Chretien telescopes is a niche market, to which Star and RC Optical are the main sources of supply. Defendants' scheme threatens to destroy that niche market and the businesses of Star and RC Optical.

109.   Star Instruments and RC Optical also have suffered severe damage to their reputations as a consequence of Defendants' scheme.  Potential customers may believe that Star Instruments and RC Optical, the industry leaders in this niche market, are price-gouging, although the truth is that it is practically impossible to manufacture and sell true Ritchey-Chretien telescopes with true Ritchey-Chretien optics except at prices exponentially greater than Meade's falsely described, but cheaper, telescope.

110.   As of the date hereof, Star Instrument's losses from Defendants' violations of 18 U.S.C. §1962(d) exceed $400,000.00 and continue to accrue.

111.   Pursuant to 18 U.S.C. §1964(c), Star Instruments may recover

threefold damages, for a recovery of $1,200,000.00, or such other amount as is

proved at trial, plus costs and attorneys' fees.

112.   As of the date hereof, RC Optical's losses from the Defendants'

violations of 18 U.S.C. §1962(d) exceed $400,000.00 and continue to accrue.

113.   Pursuant to 18 U.S.C. §1964(c), RC Optical may recover

threefold damages, for a recovery of $1,200,000.00, or such other amount as is

proved at trial, plus costs and attorneys' fees.

114.   Defendants' violation of 18 U.S.C. § 1962(c) has harmed the

public generally and telescope users in particular.  Telescope users, including

government and military customers, may be aware that the Meade telescopes

do not have true Ritchey-Chretien optics and thus will be unaware of

aberrations in the images they view.  Photographs viewed by the scientific

community will not be scientifically accurate.  Government, military,

scientists, amateur enthusiasts and the public interest all suffer from the

scheme.

115.   Pursuant to 18 U.S.C. § 1964(a), an injunction may be entered to

restrain Defendants from continuing their violations of 18 U.S.C. § 1962(c),

including enjoining Defendants from representing that the Meade RCX400

series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

THIRD CAUSE OF ACTION
(Deceptive Acts and Practices–N.Y.G.B.L. § 349)

116.   Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 57 as if set forth fully herein.

117.   Defendants have engaged in deceptive acts and practices in the conduct of business, trade or commerce in New York.

118.   On information and belief, Defendants knowingly and willfully violated New York General Business Law §349 by engaging in deceptive acts and practices in the conduct of business, trade or commerce in New York.

119.   By reason of Defendants' violation of New York General Business Law §349, Azari has been injured in the sum of $2,967.90 by paying for a telescope represented to be a Ritchey-Chretien and receiving instead a catadioptric telescope.

120.   Pursuant to New York General Business Law §349, Azari may recover his damages, plus costs and attorneys' fees, and Azari may obtain an injunction enjoining the deceptive practice, including enjoining Defendants from representing that the Meade RCX400 series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

121.   By reason of Defendants' violation of New York General Business Law §349, RC Optical has been injured.  On information and belief, potential customers who contacted RC Optical seeking to purchase Ritchey-Chretien telescopes bought the cheaper Meade telescopes instead of telescopes manufactured by RC Optical under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.  Additionally, on information and belief, RC Optical has lost specific sales to other potential customers who would have purchased Ritchey-Chretien telescopes from RC Optical but were convinced by Defendants' misrepresentations that the substantially cheaper Meade telescopes were true Ritchey-Chretien telescopes and therefore bought the Meade telescopes instead of telescopes manufactured by RC Optical.

122.   By reason of Defendants' violation of New York General Business Law §349, Star Instruments has been injured in its business.  On information and belief, potential customers who contacted RC Optical or another manufacturer incorporating Ritchey-Chretien optics manufactured by Star Instruments bought the cheaper Meade telescopes instead of telescopes incorporating Ritchey-Chretien optics manufactured by Star Instruments under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.

123.   Star Instruments and RC Optical also have suffered severe damage to their reputations as a consequence of Defendants' scheme.  Potential customers may believe that Star Instruments and RC Optical, the industry leaders in this niche market, are price-gouging, although the truth is that it is practically impossible to manufacture and sell true Ritchey-Chretien telescopes with true Ritchey-Chretien optics except at prices exponentially greater than Meade's falsely described, but cheaper, telescope.

124.   Defendants' violation of New York General Business Law §349 has harmed the public generally and telescope users in particular.  Telescope users, including government and military customers, may be aware that the Meade telescopes do not have true Ritchey-Chretien optics and thus will be unaware of aberrations in the images they view.  Photographs viewed by the scientific community will not be scientifically accurate.  Government, military, scientists, amateur enthusiasts and the public interest all suffer from the scheme.

125.   Pursuant to New York General Business Law §349, an injunction may be entered to restrain Defendants from continuing their deceptive practices in New York, including enjoining Defendants from representing that the Meade RCX400 series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

## FOURTH CAUSE OF ACTION
### (Deceptive Acts and Practices–N.Y.G.B.L. § 349)

126.   Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 57 as if set forth fully herein.

127.   Meade and the Meade Dealers have engaged in false advertising in the conduct of business, trade or commerce in New York.

128.   On information and belief, Meade and the Meade Dealers knowingly and willfully violated New York General Business Law §350 by engaging in false advertising in the conduct of business, trade or commerce in New York.

129.   By reason of Defendants' violation of New York General Business Law §350, Azari has been injured in the sum of $2,967.90 by paying for a telescope represented to be a Ritchey-Chretien and receiving instead a catadioptric telescope.

130.   Pursuant to New York General Business Law §350-e, Azari may recover his damages, plus costs and attorneys' fees, and Azari may obtain an injunction enjoining the deceptive practice, including enjoining Defendants from representing that the Meade RCX400 series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

131.   By reason of Defendants' violation of New York General Business Law §350, RC Optical has been injured.  On information and belief, potential customers who contacted RC Optical seeking to purchase Ritchey-Chretien telescopes bought the cheaper Meade telescopes instead of telescopes manufactured by RC Optical under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.  Additionally, on information and belief, RC Optical has lost specific sales to other potential customers who would have purchased Ritchey-Chretien telescopes from RC Optical but were convinced by Defendants' misrepresentations that the substantially cheaper Meade telescopes were true Ritchey-Chretien telescopes and therefore bought the Meade telescopes instead of telescopes manufactured by RC Optical.

132.   By reason of Defendants' violation of New York General Business Law §350, Star Instruments has been injured in its business.  On information and belief, potential customers who contacted RC Optical or another manufacturer incorporating Ritchey-Chretien optics manufactured by Star Instruments bought the cheaper Meade telescopes instead of telescopes incorporating Ritchey-Chretien optics manufactured by Star Instruments under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.

133.   Star Instruments and RC Optical also have suffered severe damage to their reputations as a consequence of Defendants' scheme.  Potential customers may believe that Star Instruments and RC Optical, the industry leaders in this niche market, are price-gouging, although the truth is that it is practically impossible to manufacture and sell true Ritchey-Chretien telescopes with true Ritchey-Chretien optics except at prices exponentially greater than Meade's falsely described, but cheaper, telescope.

134.   Defendants' violation of New York General Business Law §350 has harmed the public generally and telescope users in particular.  Telescope users, including government and military customers, may be aware that the Meade telescopes do not have true Ritchey-Chretien optics and thus will be unaware of aberrations in the images they view.  Photographs viewed by the scientific community will not be scientifically accurate.  Government, military, scientists, amateur enthusiasts and the public interest all suffer from the scheme.

135.   Pursuant to New York General Business Law §350-e, an injunction may be entered to restrain Defendants from continuing their deceptive practices in New York, including enjoining Defendants from representing that the Meade RCX400 series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

## FIFTH CAUSE OF ACTION
### (California Unfair Competition Act
### California Bus. & Prof. Code §17200 *et seq*.)

136.   Plaintiffs repeat and re-allege the allegations of paragraphs 1

through 57 as if set forth fully herein.

137.   Meade and the Meade Dealers have engaged in unlawful, unfair

or fraudulent business act or practice and unfair, deceptive, untrue or

misleading advertising in the conduct of business, trade or commerce in

California.

138.   On information and belief, Meade and the Meade Dealers

knowingly and willfully violated California Bus. & Prof. Code §17200 *et seq*

New York General Business Law §350 by engaging unlawful, unfair or

fraudulent business act or practice and unfair, deceptive, untrue or misleading

advertising in the conduct of business, trade or commerce in California.

139.   By reason of Defendants' violation of California Bus. & Prof.

Code §17200 *et seq*, Azari has been injured in the sum of $2,967.90 by paying

for a telescope represented to be a Ritchey-Chretien and receiving instead a

catadioptric telescope.

140.   Pursuant to New York California Bus. & Prof. Code §17200 *et

seq*, Azari may recover his damages, plus costs and attorneys' fees, and Azari

may obtain an injunction enjoining the deceptive practice, including enjoining

Defendants from representing that the Meade RCX400 series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

141.    By reason of Defendants' violation of California Bus. & Prof. Code §17200 *et seq*., RC Optical has been injured.  On information and belief, potential customers who contacted RC Optical seeking to purchase Ritchey-Chretien telescopes bought the cheaper Meade telescopes instead of telescopes manufactured by RC Optical under the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.  Additionally, on information and belief, RC Optical has lost specific sales to other potential customers who would have purchased Ritchey-Chretien telescopes from RC Optical but were convinced by Defendants' misrepresentations that the substantially cheaper Meade telescopes were true Ritchey-Chretien telescopes and therefore bought the Meade telescopes instead of telescopes manufactured by RC Optical.

142.    By reason of Defendants' violation of California Bus. & Prof. Code §17200 *et seq*, Star Instruments has been injured in its business.  On information and belief, potential customers who contacted RC Optical or another manufacturer incorporating Ritchey-Chretien optics manufactured by Star Instruments bought the cheaper Meade telescopes instead of telescopes incorporating Ritchey-Chretien optics manufactured by Star Instruments under

the false belief that the Meade telescopes incorporated Ritchey-Chretien optics.

143.   Star Instruments and RC Optical also have suffered severe damage to their reputations as a consequence of Defendants' scheme. Potential customers may believe that Star Instruments and RC Optical, the industry leaders in this niche market, are price-gouging, although the truth is that it is practically impossible to manufacture and sell true Ritchey-Chretien telescopes with true Ritchey-Chretien optics except at prices exponentially greater than Meade's falsely described, but cheaper, telescope.

144.   Defendants' violation of California Bus. & Prof. Code §17200 *et seq* has harmed the public generally and telescope users in particular. Telescope users, including government and military customers, may be aware that the Meade telescopes do not have true Ritchey-Chretien optics and thus will be unaware of aberrations in the images they view. Photographs viewed by the scientific community will not be scientifically accurate. Government, military, scientists, amateur enthusiasts and the public interest all suffer from the scheme.

145.   Pursuant to California Bus. & Prof. Code §17200 *et seq*, an injunction may be entered to restrain Defendants from continuing their deceptive practices, including enjoining Defendants from representing that the

Meade RCX400 series and LX200R series telescopes are Ritchey-Chretien telescopes or incorporate Ritchey-Chretien optics.

SIXTH CAUSE OF ACTION
(Unfair Competition)

146.   Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 57 as if set forth fully herein.

147.   Meade and the Meade Dealers have engaged in unfair competition, which may be remedied by the applicable law of unfair competition.

148.   By reason of the unfair competition of Meade and the Meade Dealers, Star Instruments has suffered damages in the approximate amount of $400,000.00, or such other amount as is proved at trial, which damages continue to accrue.

149.   By reason of the unfair competition of Meade and the Meade Dealers, RC Optical has suffered damages in the approximate amount of $400,000.00, or such other amount as is proved at trial, which damages continue to accrue.

150.   Pursuant to the applicable law of unfair competition, an injunction may be entered to restrain Defendants from continuing their deceptive practices, including enjoining Defendants from representing that the

Meade RCX400 series and LX200R series telescopes are Ritchey-Chretien

telescopes or incorporate Ritchie-Chretien optics.

SEVENTH CAUSE OF ACTION
(Product Disparagement)

151.    Plaintiffs repeat and re-allege the allegations of paragraphs 1

through 57 as if set forth fully herein.

152.    Meade has engaged in a well-financed, well-orchestrated, well-

publicized and well-planned scheme to falsely identify the RCX400 series and

LX200R series telescopes as Ritchey-Chretien telescopes when in fact they are

inferior to true Ritchey-Chretien optics manufactured by Star Instruments and

incorporated in RC Optics' telescopes.  Users of the Meade telescopes thus

believe that the inferior performance of the Meade telescope is the type of

performance to be expected from Ritchey-Chretien telescopes, such as those

produced by RC Optical.  Users of the Meade telescopes reasonably may infer

that Ritchey-Chretien optics like those produced by Star Instruments do not

eliminate the aberrations that are eliminated by true Ritchie-Chretien

telescopes.

153.    RC Optical and Star Instruments have suffered substantial direct

injury from Defendants' disparagement of their products, threatening the very

existences of their businesses.  The market for Ritchey-Chretien telescopes is a

niche market, to which Star and RC Optical are the main sources of supply.

Defendants' scheme threatens to destroy that niche market and the businesses of Star and RC Optical.

154.   Star Instruments and RC Optical also have suffered severe damage to their reputations as a consequence of Defendants' scheme.  Potential customers may believe that Star Instruments and RC Optical, the industry leaders in this niche market, are price-gouging, although the truth is that it is practically impossible to manufacture and sell true Ritchey-Chretien telescopes with true Ritchey-Chretien optics except at prices exponentially greater than Meade's falsely described, but cheaper, telescope.

WHEREFORE PLAINTIFFS DEMAND JUDGMENT jointly and severally against Defendants: (i) in favor of Azari in the amount of $8,903.70 or such other amount as is proved at trial, (ii) in favor of RC Optical in the amount of $1,200,000.00 or such other amount as is proved at trial, (iii) in favor of Star Instruments in the amount of $1,200,000.00 or such other amount as is proved at trial, (iv) permanently enjoining Defendants from directly or indirectly advertising or identifying to the public the Meade RCX400 series, the Meade LX200R series or any other Meade telescopes not incorporating Ritchey-Chretien optics in any printed, published, broadcast or otherwise disseminated materials or communications as "Ritchey-Chretien," (v) and

awarding Plaintiffs costs, disbursements, attorneys' fees and such other relief

as the Court deems just and proper.

Dated: September 28, 2006

Yours, etc.,

LAW OFFICE OF RUSSELL K. STATMAN

By: _____

Russell K. Statman, Esq. (RS6437)

Attorney for the Plaintiff
334 Cornelia Street, PMB 146
Plattsburgh NY 12901-2312
Telephone: (212) 528-8629
Fax: (509) 692-5116
Email: *rks@country-lawyer.net*

<u>JURY DEMAND</u>

Plaintiff demands trial by jury.

Dated:  September 28, 2006

LAW OFFICE OF RUSSELL K. STATMAN

By: _____
           Russell K. Statman, Esq. (RS6437)
Attorney for the Plaintiff
334 Cornelia Street, PMB 146
Plattsburgh NY 12901-2312
Telephone: (212) 528-8629
Fax: (509) 692-5116
Email: *rks@country-lawyer.net*