UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
DANIEL AZARI, PAUL T. JONES D/B/A STAR   :
INSTRUMENTS and RC OPTICAL SYSTEMS,      :
INC.,                                    :
                         Plaintiffs,     :
                                         :
              -v-                        :        06 Civ. 7825 (DLC)
                                         :
B&H PHOTO VIDEO, ADORAMA CAMERA, INC.,   :        OPINION & ORDER
MEADE INSTRUMENTS CORP., 20/20           :
TELESCOPES AND BINOCULARS, L.L.C.,       :
ANACORTES TELESCOPE AND WILD BIRD,       :
INCORPORATED, ASTRONOMICS/               :
CHRISTOPHERS, LTD., DURANGO SKIES,       :
L.L.C., OPT CORP., SKIES UNLIMITED,      :
L.L.C., THRALOW, INC., HANDS ON OPTICS,  :
INC., WOLFE'S CAMERA SHOPS, INC.,        :
MICHAEL HARLESS, OPTICSPLANET, INC.,     :
SCOPE CITY, INC., 1-50 JOHN DOE, 1-50    :
JANE DOE,                                :
                         Defendants.     :
                                         :
-----------------------------------------X

Appearances:

For the Plaintiffs:
Russell K. Statman
Law Office of Russell K. Statman
334 Cornelia Street, PMB 146
Plattsburgh, NY 12901-2312

For the Defendants:
Paul R. Niehaus
Niehaus LLP
230 Park Avenue, 10th Floor
New York, NY 10169


DENISE COTE, District Judge:

     Defendants Meade Instruments Corp. ("Meade") and Hands On

Optics, Inc. ("Hands") have moved to transfer this action to the

Central District of California, where defendant Meade is

located.  Plaintiffs Daniel Azari ("Azari"), Paul T. Jones d/b/a

Star Instruments ("Jones"), and RC Optical Systems, Inc. ("RC

Optical") oppose the transfer.  Pursuant to 28 U.S.C. § 1404,

the motion to transfer is granted.


## Background

On September 28, 2006, plaintiffs filed a complaint in this

district against Meade, who is a manufacturer of telescopes,

retailers who sell Meade telescopes (collectively, the "Meade

Dealers"), and a single named individual.  Plaintiffs allege

that the defendants engaged in a nationwide scheme to defraud

astronomy enthusiasts by describing two Meade telescopes with

the scientific term "Ritchey-Chretien," when in fact they are

not Ritchey-Chretien.  Plaintiffs Jones and RC Optical are

manufacturers of Ritchey-Chretien telescopes, while Azari is a

consumer who purchased a Meade telescope from defendant B&H

Photo Video ("B&H") that was shipped from New York to Florida.

The Complaint, as amended on November 2, alleges that defendants

violated the Lanham Act, 15 U.S.C. § 1125(a), through false

descriptions of goods, and that defendants are engaged in a

racketeering enterprise under the RICO statute, 18 U.S.C. §

1962.  The Amended Complaint also alleges claims under the New

York General Business Law, the California Unfair Competition Act, and the common law.

Plaintiff Azari is a citizen of Floria, plaintiff Jones is a citizen of Georgia, and RC Optical is incorporated in and maintains its principal place of business in Arizona.  Defendant Meade is incorporated in Delaware and maintains its principal place of business in California.  Among the other corporate defendants, OPT Corp. and Scope City, Inc. are also located in California, and the individual defendant Michael Harless and all the John and Jane Doe defendants, who are Meade employees, are citizens of California.  Defendants B&H and Adorama Camera, Inc. are located in New York.  The rest of the defendants are located in various other states.[1]  The plaintiffs have served only three of the defendants -- Meade, Hands, and Durango Skies, LLC ("Durango") -- all by waiver of service.  None of the three is a New York-based defendant.  One of the served defendants, Durango, which is located in Colorado, has filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., and Niehaus represents that other defendants may do so as well once they are served.[2]

---

[1] Since the commencement of this action, defendant Anacortes Telescope and Wild Bird, Incorporated has settled with the plaintiffs.

[2] All of the named defendants have retained Paul R. Niehaus as their counsel for this action.

Discussion

The standard for a motion to transfer venue pursuant to 28 U.S.C. § 1404 is well established.  Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A district court has broad discretion to grant or deny motions to transfer and makes its determination based on "notions of convenience and fairness on a case-by-case basis."  In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992); see also Int'l Bus. Mach. Corp. v. Fair Isaac Corp., 05 Civ. 10296 (DLC), 2006 WL 726034, at *1-2 (S.D.N.Y. Mar. 23, 2006).  The movant bears the burden of establishing that transfer is warranted.  Fair Isaac, 2006 WL 726034, at *1.  If the transferee court also has jurisdiction over the case, the court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate.  The factors a court considers in making that determination include

> (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8)

4

> the weight accorded the plaintiff's choice of forum,
> and (9) trial efficiency and the interest of justice,
> based on the totality of the circumstances.

Berman v. Informix Corp., 30 F. Supp. 2d 653, 657 (S.D.N.Y.

1998).

For the defendants who are located in California, including

the main defendant Meade, there is clearly jurisdiction in the

Central District of California.  As for the other named

defendants, not only do their business relationships with Meade

in California give rise to the claims in this lawsuit, but also

for purposes of defending against this action each has consented

to jurisdiction there.  Therefore, plaintiffs could properly

bring this litigation in the transferee court.  What is at stake

then is whether for reasons of trial efficiency and the interest

of justice, the case should be transferred to the Central

District of California.

The starting point for the analysis is the weight to be

accorded plaintiffs' choice of forum.  Ordinarily, courts should

defer to a plaintiff's choice of forum.  Nonetheless, such

choice is entitled to less deference when the forum is "neither

the plaintiff's home nor the place where the operative facts of

the action occurred."  Hall v. South Orange, 89 F. Supp. 2d 488,

494 (S.D.N.Y. 2000) (citation omitted).  It is undisputed that

New York is not the plaintiffs' home.  The place where the

operative facts occurred is principally California, since

decisions involving the alleged "Meade Enterprise" were likely made by Meade in its California offices.  The only events that occurred in New York are those activities involving two of the many Meade Dealers.  Because the plaintiffs do not reside in New York, most of the defendants are not located in New York, and the critical decisions that underlie the plaintiffs' claims were made outside New York, the plaintiffs' choice of forum is entitled to reduced deference.

The convenience of witnesses and the location of documents militate strongly towards transfer.  Most of the witnesses, including all the Meade employees participating in the Meade Enterprise, as well as the documents for this case are located in California.  Defendants have identified in their brief and in their attorney's declaration important Meade employee witnesses, all of whom are located in California, and the content of their testimony.  Despite plaintiffs' argument to the contrary, the defendants' presentation is sufficiently detailed.  In opposing the motion to transfer, plaintiffs have not identified any witnesses who are located in New York, although they speculate that there may be potential witnesses at the two New York Meade Dealers.

With regard to the convenience of parties, it is easy to see how the main defendant would prefer its home jurisdiction in California.  Although plaintiffs claim New York is more

convenient for them, none are located in or even near New York.
It is roughly as easy to travel to the Central District of
California as to the Southern District of New York.  The Central
District of California includes Los Angeles, which like New
York, is a large, commercial hub.  Further, plaintiff RC Optical
is located in Arizona, which abuts California.  Its naked
assertion that New York is more convenient simply can not be
credited.  Significantly, it is likely that there is no personal
jurisdiction over several of the defendants in New York.
Durango has a pending motion to dismiss for lack of personal
jurisdiction, and other defendants have indicated that they may
file similar motions as well.

Several of the Section 1404 factors may be quickly
determined to be neutral.  The RICO statute generally provides
for nationwide service of process for witnesses, 18 U.S.C. §
1965(c); see PT United Can Co. v. Crown Cork & Seal Co., 138
F.3d 65, 72 (2d Cir. 1997), so neither court should have
difficulty compelling witnesses to testify.  Both courts are
equally capable of applying federal law under the Lanham Act and
the RICO statute and adjudicating this case efficiently, and
there are both New York and California state claims.

The last factor to consider -- the relative means of the
parties -- merits more discussion.  The fact that Meade is a
large corporation and the plaintiffs are individuals and small

businesses would suggest at first blush that this factor favors

the plaintiffs.  Among the many defendants, however, are small

businesses and an individual.  For many of these defendants,

California is clearly more convenient.  As already discussed,

the plaintiffs have not shown that litigating this action in

California will impose any greater burden on them, and in the

case of RC Optical, it will be far more convenient.

For the plaintiffs, the only significant connection that

this case has to New York is that their attorney is located in

New York.[3]  The location of counsel, however, is not a

consideration in a motion to transfer venue.  <u>See, e.g.</u>,

<u>Marshall Gobuty Int'l USA, Inc. v. Nike, Inc.</u>, No. 04 Civ. 6975

(SAS), 2004 WL 2578912, at *2 (S.D.N.Y. Nov. 10, 2004); <u>Simpson</u>

<u>v. Dep't of Civil Serv.</u>, No. 03 Civ. 9433 (LAP), 2004 WL

2222163, at *3 (S.D.N.Y. Sept. 30, 2004).

Overall, the plaintiffs' position boils down to the simple

argument that plaintiffs seek to keep this action in New York

because their New York attorney filed it here.  Where the

plaintiffs have chosen to bring an action in a jurisdiction

where none of the plaintiffs reside and where there is only a

limited connection to the action, the plaintiffs' choice of

---

[3] Plaintiffs suggest that the location of their counsel is
significant "because of favorable fee arrangements."  Plaintiffs
do not disclose what that favorable fee arrangement is or
explain why they could not obtain local counsel in California
for their New York counsel.

forum is not entitled to the usual deference.  The defendants have shown that in the circumstance of this case, the plaintiffs' choice of forum is trumped by the interests of efficiency and justice.

Having found that this action should be transferred to the Central District of California, it is unnecessary to resolve Durango's motion to dismiss the litigation.  <u>Delarosa v. Holiday Inn</u>, No. 99 Civ. 2873 (RWS), 2000 WL 648615, at *5 (S.D.N.Y. May 19, 2000).  While ordinarily the motion would be transferred to the transferee court, the motion to dismiss here was based on lack of personal jurisdiction in New York.  Since Durango has consented to jurisdiction in California, the motion is now moot.

## Conclusion

The motion by defendants to transfer this lawsuit to the Central District of California is granted.  The motion by Durango to dismiss for lack of personal jurisdiction is denied as moot.  The Clerk of Court shall transfer the action.

SO ORDERED:

Dated:    New York, New York
          January 3, 2007

DENISE COTE
United States District Judge

9